# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:13-CV-00220-TBR

STEVE SCHONBERG                                                                         Plaintiff,

v.

SENATOR MITCH MCCONNELL, *et al.*                                                    Defendants.

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 33). Plaintiff has filed his response (Docket No. 34), to which Defendants have replied (Docket No. 35). These matters are now ripe for adjudication. For the following reasons, Defendants' Motion to Dismiss (Docket No. 33) is GRANTED.

## BACKGROUND

Plaintiff Steve Schonberg seeks the Democratic Party's nomination for the United States Senate seat currently held by Senator Mitch McConnell, subject to the 2014 election. Plaintiff now brings this action against McConnell and Vice President Joseph R. Biden, Jr. in their official capacities. Plaintiff's original suit challenged the constitutionality of Senate Rule 22, the cloture rule. He further challenged the constitutionality of Senate Rules 38.2 (prohibiting Members of Congress from converting campaign contributions for personal use), 40 (restricting the use of the franking privilege and Senate radio and television studios), and 41 (limiting the solicitation and receipt of campaign contributions by Senate staff). Plaintiff alleges that because these rules allow McConnell's employees to use their personal time to work on behalf of his campaign, McConnell enjoys an unfair advantage over Plaintiff.

Defendants have moved to dismiss Plaintiff's Amended Complaint for lack of jurisdiction. They argue that Plaintiff lacks standing; that the Speech or Debate Clause bars his claims; and that the complaint presents a non-justiciable political question. (Docket No. 33.) In his response, Plaintiff consented to the dismissal of his challenge of the cloture rule. (Docket No. 34 at 4.)

The Court must now consider Plaintiff's remaining challenges to Senate Rules 38.2, 40, and 41. For the reasons discussed below, Plaintiff has failed to state a claim upon which relief can be granted, and this action will be dismissed.

**STANDARD**

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Additionally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

### I. Plaintiff lacks constitutional standing to bring this case.

Article III requires a plaintiff to satisfy three elements to establish standing in federal courts: (1) the plaintiff must have suffered an injury in fact; (2) a causal connection must exist between the injury and the challenged conduct; and (3) it must be likely that a decision in the plaintiff's favor will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

In this case, Plaintiff has pointed to no concrete injury in fact caused by the rules in question that can be redressed by this Court. Plaintiff contends that Senate Rules 38.2, 40, and 41 violate the Fifth Amendment guarantee of equal protection by "provid[ing] Defendant McConnell with

an overwhelming and unconstitutional election advantage over [P]laintiff." (Docket No. 23 at 4.) He further argues that McConnell "has received and will receive millions of dollars worth of 'free time' campaign activities on his behalf from up to 71 Senate employees," while Plaintiff himself enjoys no such workforce. (Docket No. 23 at 31.)[1] In addition, Plaintiff alleges that McConnell's reliance on his employees to volunteer for his campaign widens the gap between McConnell's campaign coffers and his own. (Id. at 32.)

Whatever electoral disadvantage Plaintiff may experience, his harms do not constitute an injury in fact. "[A] plaintiff cannot assert injury to his viability as a candidate . . . simply on the basis of the advantage – real or imagined – of incumbency." *Kardules v. City of Columbus,* 95 F.3d 1335, 1353 (quoting *Shakman v. Dunne*, 829 F.2d 1387, 1398 (7th Cir. 1987)). Plaintiff

---

[1] Plaintiff argues that regardless of when McConnell's employees engage in campaign activities—be it on their own personal time or in the scope of their federal employment—it is unconstitutional for them to do so at all. "[I]t is unconstitutional for Defendant McConnell's federal employees to engage in campaign activities at all, whether it is on their free time or on their Senate time." (Docket No. 23 at 5.) The Senate Ethics Manual addresses campaign work by congressional staff:

> Title 31 of the United States Code, §1301(a) states that "appropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law." This principle of federal appropriations law has been interpreted in Congress to mean that congressional employees receive publicly funded salaries for performance of official duties and, therefore, campaign or other non-official activities should not take place on Senate time, using Senate equipment or facilities. However, the Ethics Committee has previously ruled that it is not improper for a Senate employee to engage in campaign activity on his or her own time so long as such activity complies with Senate Rule 41.1 that prohibits fundraising by most Senate employees for federal campaigns.

S. SELECT COMM. ON ETHICS, 108TH CONG., SENATE ETHICS MANUAL, S. PUB. 108-1, at 139 (2003), *available at* http://www.ethics.senate.gov/public/index.cfm/files/serve?File_id=f2eb14e3-1123-48eb-9334-8c4717102a6e.

Plaintiff admits that he lacks a basis for alleging that McConnell's staff violates this rule by performing campaign work in the course of their public employment. He summarily concludes that "[b]ecause Defendant McConnell is a corrupt politician … it is reasonable to conclude that McConnell has many or all of his 71 employees spend Senate time working on campaign activities on his behalf." (Docket No. 23 at 3.)

4

points to no precedent construing a disparity in campaign resources an injury in fact. Rather, Supreme Court and Sixth Circuit authority preclude such a holding. In *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 107 (2003), the Supreme Court rejected Plaintiff's standing argument because "political 'free trade' does not necessarily require that all who participate in the political marketplace do so with exactly equal resources." *Id.* (citing *Fed. Election Comm'n v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238, 257 (1986)). Similarly, the Sixth Circuit determined that a plaintiff who alleged that "'matching funds' based upon campaign contributions enthrone the 'haves' over the 'have-nots' and pollute the election process by discriminating against each voter in his individual capacity as a voter'" suffered no actual injury for Article III standing purposes. *Hooker v. Federal Election Comm'n*, 21 Fed. App'x 402, 406-07 (6th Cir. 2001).

Further, as Defendants argue, Plaintiff does not presently suffer the harm he alleges, nor is it currently impending. *See Clapper v. Amnesty Int'l, USA*, 133 S. Ct. 1138, 1147 (2013) ("[T]hreatened injury must be 'certainly impending' to constitute injury in fact,' and '[a]llegations of possible future injury' are not sufficient."). At present, Plaintiff claims to be a Democratic candidate in the 2014 election for McConnell's Senate seat. (Docket No.23 at ¶ 30). McConnell is a Republican and will not compete with Plaintiff for the Democratic nomination, but will instead seek his own party's nomination. Because it is not certain that Plaintiff will secure the Democratic nomination, any injury he attempts to articulate is purely speculative. Plaintiff also mentions that he will consider candidacy as an Independent "if that proves to be a better avenue to get his name on the ballot for the general election." (Id.) The same analysis applies to this scenario, as it is merely speculative that Plaintiff will satisfy the requirements

necessary to perfect his candidacy.[2] Because "[a] threatened injury must be certainly impending to constitute injury in fact," Plaintiff's assertions of possible future injury do not satisfy Article III's standing requirements.

Additionally, Plaintiff has not established that his alleged injury is fairly traceable to Senate Rules 38.2, 40, and 41. Although the Rules allow staff members to work on a Senator's campaign in their non-Senate time, they in no way compel staff members to do so. Because staff members make this decision of their own volition, Plaintiff has not proven the requisite causal link between his purported injury and the Rules in question. Furthermore, Plaintiff admits that these Rules that do not address the issue of Senate employees volunteering for campaign work.[3] Assuming arguendo that Plaintiff actually suffered a cognizable injury from such volunteer activity, that injury would not be caused by the Senate Rules in question.

Finally, Plaintiff has not demonstrated that a decision in his favor would redress his alleged injury. Plaintiff asserts that because McConnell's staff may volunteer for his reelection campaign, McConnell enjoys an "overwhelming and unconstitutional election advantage over [P]laintiff." (Docket No. 23 at 4.) However, were the Court to declare Senate Rules 38.2, 40, and 41 unconstitutional, Senate employees would remain at liberty to volunteer for campaigns in their free time, as these Rules do not address such volunteerism. Therefore, such a decision would not redress Plaintiff's purported injury.

---

[2] Pursuant to Ky. Rev. Stat. 118.315(2), 118.305(c), a 2014 U.S. Senate candidate must collect 5,000 signatures from qualified voters after November 6, 2013.

[3] "Except for Senate Rule 41.1, Senate Rules 38.2, 40 and 41 do not themselves allow Senator McConnell to use his federal employees for campaign purposes." (Docket No. 34 at 10.) Rule 41.1 permits a Senator to designate three employees who are excepted from the general prohibition against Senate employees "receiv[ing], solicit[ing], be[ing] a custodian of, and distribut[ing] any funds in connection with any campaign . . . of any individual to be a Member of the Senate or to any other Federal office." This prohibition applies whether the employee is using Senate time or free time and is inapposite to Plaintiff's argument.

Furthermore, this Court lacks the authority to compel the Senate to adopt a rule prohibiting such volunteer activity by employees. The Speech or Debate Clause immunizes from suit "anything 'generally done in a session of the House by one of its members in relation to the business before it.'" *Doe v. McMillan*, 412 U.S. 306, 311 (1973) (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204) (1881)). This provision protects the adoption and interpretation of Senate rules. *See Newdow v. United States Congress*, 328 F.3d 366 F.3d 466, 484 (9th Cir. 2003) ("[I]n light of the Speech and Debate Clause of the Constitution, Art. I, § 6, cl. 1, the federal courts lack jurisdiction to issue orders directing Congress to enact or amend legislation."), *rev'd on other grounds*, 542 U.S. 1 (2004).

Because Plaintiff fails to satisfy the constitutional requirements for Article III standing, this Court lacks jurisdiction over his Complaint. Accordingly, Plaintiff's Complaint is not justiciable and must be dismissed.

**II.     Plaintiff's challenge represents a non-justiciable political question.**

In addition to the procedural barriers discussed above, Plaintiff's Complaint also represents a non-justiciable political question, as this matter is constitutionally committed to the Senate. *See Baker v. Carr,* 369 U.S. 186, 217 (1962) (identifying six independent factors indicating a political question). The Constitution authorizes the Senate to establish its own rules. U.S. Const. art. I, § 5, cl. 2. In light of such authority, and given the principle of separation of powers, the Court must respect the prerogative of the legislative branch.

Although Plaintiff argues that Senate policies regarding staff participation in campaigns are subject to judicial review, the precedent he cites is inapposite. *Yellin v. United States*, 374 U.S. 109 (1963), addressed a congressional committee's failure to follow its own rules. Here,

Plaintiff asserts no such noncompliance, making *Yellin* inapplicable to the facts at hand. Plaintiff's reliance upon *United States v. Smith*, 286 U.S. 6 (1932) is similarly misplaced, as *Smith* addressed not the constitutionality of Senate Rules, but their construction; the Court declined to consider the Senate's authority to enact the rules in question. *Id.* at 33. Plaintiff's challenge, by contrast, challenges the constitutionality of the Senate Rules to which he points.

In *United States v. Ballin*, 144 U.S. 1 (1892), the plaintiff challenged as unconstitutional the rule for determining a quorum in the House of Representatives. Declining to exercise judicial review, the Court noted that "the wisdom or folly . . . of such a rule" is not subject to a court's consideration. *Id.* at 5.

> The constitution empowers each house to determine its rules of proceedings. It may not by its rules ignore constitutional restraints or violate fundamental rights . . . . But within these limitations all matters of method are open to the determination of the house, and it is no impeachment of the rule to say that some other way would be better, more accurate, or even more just.

*Id.* Here, as in *Ballin*, there is no "constitutional restraint" or "fundamental right" at issue. Therefore, the Senate's rules regarding staff's volunteering for campaigns is "beyond the challenge of any other body." *Id.* at 5.

*Powell v. McCormack*, 395 U.S. 486 (1969) deemed justiciable a former congressman's challenge to his exclusion from the House of Representatives. However, *Nixon v. United States*, 506 U.S. 224 (1993), explained that the *Powell* plaintiff's claim was justiciable because the exclusion was grounded in the House's constitutional power to judge the qualifications of its members and was limited to three textual criteria. *Id.* at 237; *see* U.S. Const. art. I, § 2, cl. 2. *Nixon* noted that *Powell* was justiciable because of the "separate provision specifying the only qualifications that might be imposed for House membership." *Id.* Here, as in *Nixon* and

distinguished from *Powell*, no constitutional provision expressly limits the Senate's authority in the matter at hand.

Because no textual provision limits the Senate's authority to impose rules regarding campaign volunteerism by Senate staff, the matter is constitutionally committed to the Senate. The Court declines to interfere with the Senate's internal proceedings.

## CONCLUSION

Defendants Senator Mitch McConnell and Vice President Joseph R. Biden, Jr. have moved to dismiss all claims asserted against them by Plaintiff Steve Schonberg. In light of the procedural barriers discussed above, the Court need not consider Plaintiff's remaining arguments. For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. An appropriate order will issue.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

November 19, 2013